## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MID-SOUTH IRON WORKERS WELFARE PLAN; IRON WORKERS MID SOUTH PENSION FUND; OKLAHOMA IRON WORKERS' DIRECT CONTRIBUTION PLAN AND TRUST; and OKLAHOMA IRON WORKERS' APPRENTICESHIP & TRAINING FUND LOCALS 48 and 584, | ) ) ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-19-00338-PRW |
| | ) | |
| SOUTHERN STEEL AND CONSTRUCTION, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiffs' "Second Motion for Default Judgment" (Dkt. 26) (the "Motion"). In the Motion, Plaintiffs ask the Court to enter default judgment in their favor for various amounts of unpaid contributions, interest on the unpaid contributions, liquidated damages, attorney's fees, litigation costs, and audit costs, as well as for certain injunctive relief. After considering whether it has subject matter and personal jurisdiction, whether there is a sufficient basis in the record to support the claim, and whether the various fees and expenses sought are reasonable and otherwise authorized, the Court concludes that Plaintiffs' "Second Motion for Default Judgment" (Dkt. 26) should be **GRANTED**.

### I.     Subject-Matter Jurisdiction

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States. *See* 29 U.S.C.

1

§ 1132; *see also* 29 U.S.C. § 1132(e)(1) ("[T]he district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by . . . a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title.").

## II.    *Personal Jurisdiction*

The Court has personal jurisdiction over Defendant, Southern Steel and Construction, LLC, pursuant to 29 U.S.C. §1132(e)(2) because it was served and several of the plans at issue are administered in this district. *See Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 443 (4th Cir. 2015) (finding personal jurisdiction pursuant to 29 U.S.C. §1132(e)(2) where the defendant was properly served and the plan was administered in the district).

## III.    *Adequacy of the Claim*

Plaintiffs brought suit under 29 U.S.C. § 1132 and the Collective Bargaining Agreement. Section 1132(g)(2) provides for the recovery of, *inter alia*, unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of interest on the unpaid contributions or liquidated damages as provided under the plan not in excess of twenty percent, reasonable attorney's fees and costs, and such other legal or equitable relief as the court deems appropriate. The Collective Bargaining Agreement, which governs the relationship between Plaintiffs and Defendant, also provides for the assessment of "[a]ny costs, including attorney and auditing fees, incurred in the process of collecting delinquent working assessments . . . [from] the delinquent employer." Agreement (Dkt. 26, Ex. 3) at Article XVIII.

2

Plaintiffs allege that Defendant failed to make contributions as agreed upon in the Collective Bargaining Agreement. Plaintiffs allege, further, that they incurred attorney's fees totaling $6,692.50, litigation costs totaling $564.38, and audit costs totaling $1,512.00 in pursuit of these unpaid contributions, and that the unpaid contributions, interest on unpaid contributions, and liquidated damages total (as of July 31, 2020) as follows:

| Plaintiff | Unpaid Contributions | Interest | Liquidated Damages | TOTAL |
|---|---|---|---|---|
| Welfare Plan | $1,137.50 | $2,185.32 | $113.75 | $3,436.57 |
| Pension Fund | NA | NA | NA | NA |
| Direct Contribution Fund | $1,000.00 | $1,877.99 | $100.00 | $2,977.99 |
| Apprenticeship Fund | NA | NA | NA | NA |
| Oklahoma Iron Workers' Apprenticeship & Training Fund Locals 48 and 584 | NA | NA | NA | NA |

These allegations are accompanied by substantial documentation, including the Collective Bargaining Agreement, *see* Agreement (Dkt. 26, Ex. 3), audit records, *see* Accountant's Report (Dkt. 26, Ex. 2), and affidavits, *see* Affidavit of P. Briant (Dkt. 26, Ex. 1); Affidavit of W. Warrick (Dkt. 30, Ex. 1).

The Court therefore finds that there is a sufficient basis in the record for the judgment entered. *See Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (The Court must determine whether there is "a sufficient basis in the pleadings for the judgment entered."); *see also* 10A Charles A. Wright, Arthur R. Miller and Mary K. Kane, *Federal Practice and*

*Procedure* § 2688, at 63 (3d ed. 1998) ("[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").

IV.     *Reasonableness of, and Authorization to Award, the Costs and Fees*

Section 1132(g)(2)(D) provides only for an award of *reasonable* attorney's fees and costs. *See* 29 U.S.C. § 1132(g)(2)(D). As such, the Court considers the invoices submitted in light of the factors set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), to determine whether the fees and costs sought are reasonable.

After a review of the detailed materials submitted in support of these fees and costs and the balance of record in this matter, the Court is satisfied that the attorney's fees, litigation costs, and audit costs sought are reasonable: the time spent on the matter is recorded in detail and is appropriate for a matter of this complexity; the work was necessary to the resolution of this matter; and the hourly rate is in line with the prevailing market rate.

V.     *Findings*

The Court finds that on April 15, 2019, Plaintiffs, the Mid-South Iron Workers Welfare Plan (the "Welfare Plan"), the Iron Workers Mid-South Pension Fund (the "Pension Fund"), the Oklahoma Iron Workers' Direct Contribution Plan and Trust (the "Direct Contribution Plan"), and the Oklahoma Iron Workers Apprenticeship & Training Funds Locals 48 and 584 (the "Apprenticeship Fund") filed their Complaint (Dkt. 1) in this matter, requesting judgment against Defendant, Southern Steel and Construction, LLC, for unpaid contributions, interest on the unpaid contributions, liquidated damages, attorney's

fees, litigation costs, and audit costs, as well as for certain injunctive relief, all pursuant to 29 U.S.C. § 1132 and the Collective Bargaining Agreement.

The Court finds that Defendant was properly served, that no attorney has entered an appearance on behalf of Defendant, and that Defendant has not filed an answer.

The Court finds that on August 22, 2019, the Clerk of Court entered default against Defendant. *See* Clerk's Entry of Default (Dkt. 13).

The Court finds that Defendant did not timely present wage and hour reports to Plaintiffs and pay contributions due under the Collective Bargaining Agreement.

The Court finds that Plaintiffs have advised the Court that a preliminary audit of Defendant's work and payroll records has been performed based on incomplete documents provided by Defendant.

The Court finds that the payroll audit performed by Plaintiffs revealed that Defendant failed to pay all contributions due for eight employees, under-reported hours worked by some employees, and over-reported hours worked by others for the period of January 1, 2016, through December 31, 2016.

The Court finds that Defendant has failed to pay certain benefit contributions to Plaintiffs and that these contributions were assets of Plaintiffs.

The Court finds that the interest rate due and owing on unpaid fringe benefit contributions to the Welfare Plan is eighteen percent (18%) per annum; to the Pension Fund is eight percent (8%) per annum; to the Direct Contribution Plan is eighteen percent (18%) per annum; to the Apprenticeship Fund is six percent (6%) per annum; and to Local is zero percent (0%) per annum on the working assessment.

5

The Court finds that the Welfare Plan is entitled to liquidated damages of 10% of the unpaid contributions and that the Direct Contribution Plan is entitled to liquidated damages of 10% of the unpaid contributions.

The Court finds that Defendant owes Plaintiffs unpaid contributions, liquidated damages, and interest (as of July 31, 2020) as follows:

| Plaintiff | Unpaid Contributions | Interest | Liquidated Damages | TOTAL |
|---|---|---|---|---|
| Welfare Plan | $1,137.50 | $2,185.32 | $113.75 | $3,436.57 |
| Pension Fund | NA | NA | NA | NA |
| Direct Contribution Fund | $1,000.00 | $1,877.99 | $100.00 | $2,977.99 |
| Apprenticeship Fund | NA | NA | NA | NA |
| Oklahoma Iron Workers' Apprenticeship & Training Fund Locals 48 and 584 | NA | NA | NA | NA |

The Court finds that under the terms of the Collective Bargaining Agreement, Plaintiffs are entitled to recover from Defendant the costs of the audit in this matter in the amount of $1,512.00.

The Court finds that Plaintiffs are entitled to $6,692.50 in attorney's fees and $564.38 in litigation costs from Defendant pursuant to 29 U.S.C. §1132(g)(2).

VI.    *Disposition*

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs' "Second Motion for Default Judgment" (Dkt. 26) is **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant must permit Plaintiffs to complete the audit of Defendant's payroll and other relevant documents and records at Defendant's expense for the period from January 1, 2016, through December 31, 2016.

**IT IS FURTHER, ORDERED, ADJUDGED AND DECREED** that judgment be entered against Defendant, Southern Steel and Construction, LLC, as follows:

i.  In favor of Plaintiff Mid-South Iron Workers Welfare Plan in the amount of $3,436.57 together with interest on the amount of the unpaid contributions from and after August 1, 2020, until paid, at the rate of eighteen percent (18%) per annum;

ii.  In favor of Plaintiff Oklahoma Iron Workers' Direct Contribution Plan and Trust in the amount of $2,977.99 together with interest on the amount of the unpaid contributions from and after August 1, 2020, until paid, at the rate of eighteen percent (18%) per annum;

iii.  In favor of all Plaintiffs for audit fees in the amount of $1,512.00, with interest hereafter at the federal judgment rate;

iv.  In favor of all Plaintiffs for attorney fees in the amount of $6,692.50 and litigation costs in the amount of $564.38, with interest hereafter until paid at the federal judgment rate; and

v.  In favor of Plaintiffs for injunctive relief, specifically that Defendant must produce all additional documents necessary for Plaintiffs to complete the audit related to contributions due.

7

**IT IS SO ORDERED** this 27th day of July 2021.


_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE